**RADICAL LAWYERS CAUCUS, an unincorporated association consisting of members of the State Bar of Texas, Cameron M. Cunningham, et al.,**

v.

**William E. POOL, Editor in Chief, Texas Bar Journal, et al.**

**Civ. A. No. A–70–CA–57.**

United States District Court,
W. D. Texas,
Austin Division.

Dec. 8, 1970.

James M. Simons, Simons & Cunningham, Austin, Tex., for plaintiffs.

Davis Grant, C. C. Small, Jr., Donald S. Thomas, Clark, Thomas, Harris, Denius & Winters, Austin, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

ROBERTS, District Judge.

This action is brought under the Civil Rights Act of 1871, 42 U.S.C. Section 1983, for alleged deprivation of plaintiffs' constitutional rights of free speech, equal protection, and due process. This Court has jurisdiction of this case under 28 U.S.C. Section 1343(3). The case is now before this Court on cross-motions for summary judgment; the plaintiffs' motion, however, amounts to a motion for partial summary judgment on the issue of liability, for no affidavits or briefing has been submitted on the issue of damages.

The plaintiffs, a group of Texas lawyers, sought to place an advertisement in the June issue of the Texas Bar Journal, the official publication of the State Bar of Texas. By means of this ad, the plaintiffs sought to publicize a caucus they were planning to hold during the annual convention of the State Bar in San Antonio, Texas, during the first week of July. The ad, which encouraged all lawyers to attend the convention, was to inform the fellow members of the Bar that the plaintiffs had rented a hotel suite in San Antonio, and that they were planning to hold discussions and pass out literature on a variety of national issues and what lawyers could do to help solve the problem. The ad did not endorse any political candidate or political party, nor did it encourage any plan or type of action. The defendants admit that the content of the ad was entitled to the protection of the First Amendment, that it was not libelous or obscene, and that it presented no clear and present danger of any substantive evil that the state had a legitimate right to prevent. See Defendants'

Brief, page 1. The ad was refused without a hearing by the defendants, however, because it was "political"; under the provisions of Article II of the Statement of the Organization of the Bar, political advertisements cannot be accepted. This term is undefined and apparently its interpretation is committed to the discretion of the Advertising Committee of the State Bar.

The Journal, which is supported and subsidized by the compulsory annual dues of the State Bar, a state agency, is sent to all present members of the Bar at no extra charge and to those members of the public who pay the subscription rate of $5.00 per year. As a general rule, the articles and other contents of the Journal are limited to matters of general interest to the members of the Bar, although there are undoubtedly articles which would interest members of the general public. And on occasion matters of a highly controversial nature on major social issues are printed. For example, in Volume 33, No. 4, the editors reprinted *in toto* an editorial from the Dallas Morning News concerning the trial of the Chicago Seven. And in Volume 32, No. 11, a resolution passed by the State Bar Committee on Citizenship was reprinted as follows:

> Be it Resolved that the American Citizenship Committee of the State Bar of Texas unanimously supports our Commander-in-Chief in his efforts to bring the Viet Nam conflict to an honorable and successful conclusion and that said Committee deplores the public demonstrations of those whose actions give aid and comfort to the enemies of our Republic.

The official reason given for refusing political advertising is that the State Bar, which publishes the Journal, "is a creature of statute" and "an agency of the State of Texas." In their brief, the defendants advance the argument that to allow political advertising or "the waging of idiological warfare" would "injure the State Bar's public image of integrity, disinterestedness, and professionalism." Commercial advertising, ex-

cept for alcohol and tobacco, is accepted by the Journal. The majority of the commercial advertising, but not all, would appeal only to members of the Bar.

After having carefully considered the cross-motions for summary judgment, and the affidavits and briefs in support thereof, this Court is of the Opinion that the defendants' motion for summary judgment should be denied and that the plaintiffs' motions for partial summary judgment, on causes of action 1 and 2, should be granted.

It is unquestioned that the reason the defendants refused to accept this advertisement was due to its content and not to any general and absolute prohibition against accepting advertisements. Such action by a state agency amounts to governmental censorship of speech which is clearly prohibited by the First and Fourteenth Amendments, unless there is a clear and present danger to the public. Schenck v. United States, 249 U.S. 47, 39 S.Ct. 247, 63 L.Ed. 470 (1919); Terminiello v. City of Chicago, 337 U.S. 1, 69 S.Ct. 894, 93 L.Ed. 1131 (1949).

The defendants' argument that it can prohibit "political" or "editorial" speech because it may harm the Bar's image in the public clearly cannot stand, for only the strongest reasons can justify such outright abridgment:

Accordingly a function of free speech under our system of government is to invite dispute. It may indeed best serve its high purpose when it induces a condition of unrest, creates dissatisfaction with conditions as they are, or even stirs people to anger * * * That is why freedom of speech, though not absolute, Chaplinsky v. New Hampshire, 315 U.S. 568, at pages 571–572, 62 S.Ct. 766, at page 769, 86 L.Ed. 1031, is nevertheless protected against censorship or punishment, unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance,

or unrest. Terminiello, supra, p. 4, 69 S.Ct. p. 896.

The defendants have also made the argument that it is a reasonable discrimination to allow commercial advertising, while prohibiting all political and editorial advertising because it allows the State Bar, a state agency, to maintain its neutrality in controversial matters. This Court, however, cannot see how the Bar can maintain a face of neutrality while printing editorials from the Dallas Morning News and resolutions from Bar committees which approve President Nixon's handling of the Viet Nam war and at the same time vigorously condemn demonstrators against the war. Moreover, the defendants' classification and resulting discrimination against editorial and political matter cannot stand, because the state must have a compelling state interest when its classification touches upon a fundamental right. Shapiro v. Thompson, 394 U.S. 618, 638, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1968). It is clear from the record before this Court that there is no compelling state interest present. Finally, this Court agrees with the following decisions which have held that it is a denial of free speech and a violation of the equal protection clause for a state agency to accept and publicize commercial advertisements while refusing editorial and political advertisements: Lee v. Board of Regents of State Colleges, 306 F.Supp. 1097 (W.D.Wis.1969) (involving a state university newspaper); Wirta v. Alameda-Contra Costa Transit Dist., 68 Cal.2d 51, 64 Cal.Rptr. 430, 434 P.2d 982 (Supreme Court of Calif. 1967); Kissinger v. New York City Transit Authority, 274 F.Supp. 438 (S.D.N.Y.1967); Zucker v. Panitz, 299 F.Supp. 102 (S.D. N.Y.1969) (involving a public high school paper); Hillside Community Church, Inc. v. City of Tacoma, Washington, 76 Wash.2d 63, 455 P.2d 350 (Supreme Court of Washington, 1969).

In addition to causes of action One (denial of free speech) and Two (denial of equal protection), the plaintiffs have alleged two other causes of action:

Three, denial of due process for failure to hold a hearing; Four, violation of the antitrust statutes of the United States, if the State Bar is not an agency. The third cause of action is rendered moot by our holding in the first two causes; the fourth cause of action is rendered moot by this Court's holding that the State Bar is an agency of the State.

In accordance with the above opinion, it is hereby ordered that the defendants' motion for summary judgment is denied; it is further ordered that the plaintiffs' partial motion on the issue of liability is granted on causes of action One and Two, and denied on causes of action Three and Four.